UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

IN RE:

BRIAN K. HAMLETT                           CHAPTER 13
YVONNE Y. HAMLETT                      CASE NO. 14-61814

      Debtor(s)

                                                      ADVERSARY 15-06018

M. B. LONG

      Plaintiff
v.

YVONNE Y. HAMLETT

      Defendant


**RESPONSE TO COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT**


      Comes now the Debtor(s), by counsel and answers the Plaintiff's motion as follows:

1. Debtor admits the allegations contained in paragraph(s) 1, 2 and 3 of the Plaintiff's motion.

2. Debtor does not know where Mr. Long resides and therefore neither admits nor denies the allegations contained in paragraph 4.

3. Debtor admits the allegations contained in paragraphs 5 and 6 of the Plaintiff's motion.

4. Debtor neither admits nor denies the allegations contained in paragraph 7 as the statement information is unknown to the Debtor.

5. Debtor admits the allegations contained in paragraph 8 of the Plaintiff's motion.

6. Debtor denies the allegations contained in paragraphs 9 and 11.

7. Debtor denies the allegation contained in paragraph 10. Mr. Long asked Mrs. Hamlett to do that sometime in January after she received the $19,000.00.

8. Debtor denies the allegation contained in paragraph 12 that Mr. Long asked her to verify information prior to giving her a loan. Debtor admits that she talked to Fidelity in 2011.

9. Debtor denies the allegation contained in paragraph 13.

10. Debtor admits the allegation contained in paragraph 14 that Debtor had obtained many loans before but denies that she understood the rules as alleged.

11. Debtor neither admits or denies the allegation contained in paragraph 15. Debtor does not recall the conversations in 2009 and therefore can neither admit nor deny.

12. Debtor denies the allegation contained in paragraph 16 that she falsely reported the plan rules but admits that she provided an electronic statement to the Plaintiff.

13. Debtor admits the allegations contained in paragraphs 17 and 18.

14. Debtor denies the allegations in paragraph 19 as she does not know Mr. Long's state of mind.

15. Debtor admits the allegation in paragraph 20 that she satisfied the Fidelity Loan and was limited to a withdrawal of $19,000.00 but she denies the remaining allegations in paragraph 20.

16. In paragraph 21, Debtor admits that she withdrew $19,000.00 and paid the $14,000.00 but denies that she had intent to induce Mr. Long to loan the money and not fully repay him.

17. Debtor admits the allegations contained in paragraph 22.

18. Debtor denies the allegations contained in paragraphs 23 - 29.

Dated: 03/27/2015                                  YVONNE Y. HAMLETT


By: /s/ Stephen E. Dunn

Stephen E. Dunn, Esq.
Stephen E. Dunn, PLLC
201 Enterprise Drive
Suite A
Forest, VA.  24551

CERTIFICATE OF SERVICE

I certify that a copy of the preceding answer has been served via ECF to attorney for the creditor on this **27th** day of **March**, **2015**.

/s/ Stephen E. Dunn, Esq.